1

2

3

4

5

6

7

8

9               IN THE UNITED STATES DISTRICT COURT

10             FOR THE EASTERN DISTRICT OF CALIFORNIA

11   MICHELLE M., DONALD M., SR, and
     DONALD M., JR., by and through
12   his guardian ad litem, DONALD M., SR.,

13             Plaintiffs,                      CIV S-04-2411 MCE PAN

14        vs.

15   DUNSMUIR JOINT UNION
     SCHOOL DISTRICT, et al.,
16
               Defendants.              _____ORDER_____
17
     _____/
18

19        On January 27, 2006, plaintiffs filed a motion to compel defendants' production of

20   documents.   Fed. R. Civ. P. 34, 37(a).  The motion came on regularly for hearing on March 2,

21   2006.  Larry Schapiro appeared for plaintiffs.  John Kelley appeared for defendants.  The court

22   directed the parties to meet and confer outside the courtroom pursuant to E. D. Cal. L. R. 251 and

23   to file a joint stipulation by noon on March 8, 2006; the stipulation was filed on March 8, 2006 at

24   4:59 p.m.  Upon review of the motion and the joint stipulation, upon hearing the arguments of

25   counsel and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

26   /////

1

1    In this civil rights action pursuant to 42 U.S.C. § 1983 and California law, plaintiffs

2  allege Donald M., Jr. ("Donald M.") was sexually harassed, assaulted and battered during his

3  freshman year at Dunsmuir High School by fellow student Jordan S.  This conduct is alleged to

4  have occurred from October 2003 to March 2004, when Donald M. moved to another school.

5  Plaintiffs assert defendants ignored their pleas to remove the alleged perpetrator from the school

6  due to a climate of tolerance for sexual harassment.  Defendants concede that a separate sexual

7  harassment suit proceeds against defendant Superintendent Robert Morris, who commenced

8  employment with the district 17 years ago and resigned the summer of 2004 pursuant to a

9  confidential separation agreement.

10    Plaintiffs served their First Request for Production of Documents on December 8, 2005.

11  Defendants served their responses on January 12, 2006.

12    The joint stipulation provides that pursuant to the parties' meet and confer process,

13  "[d]efendants agreed to produce the documents they said in their response to production that they

14  would produce, in addition to tort claims filings with the defendant district and non-student

15  information in request no. 61."

16    Remaining at issue are defendants' responses to plaintiffs' Requests 13, 19, 20, 28, 29,

17  30, 36, 38, 43, and 61.

18    The court is guided by the following general principles.  "Parties may obtain discovery

19  regarding any matter, not privileged, that is relevant to the claim or defense of any party,

20  including the existence, description, nature, custody, condition, and location of any books,

21  documents, or other tangible things and the identity and location of persons having knowledge of

22  any discoverable matter."  Fed. R. Civ. P. 26(b)(1).  However, "Federal Courts ordinarily

23  recognize a constitutionally-based right of privacy that can be raised in response to discovery

24  requests."  Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) and cases cited

25  /////

26  /////

1   therein.[1]  "Resolution of a privacy objection or request for a protective order requires a balancing

2   of the need for the information sought against the privacy right asserted."  Id.  Defendants do not

3   seek a protective order.

4           Due to the impending discovery deadline in this case and plaintiffs' failure timely to meet

5   and confer with defendants and to prepare a joint stipulation without court intervention, coupled

6   with the delayed filing of the present joint stipulation, the court looks with disfavor upon any

7   request that is so broad as to require defendants' inquiry and production outside the March 13,

8   2006 deadline.

9           Request No. 13 seeks "Any and all employment agreements, employment contracts,

10  and/or other contracts that have ever been in effect between defendant Robert Morris and

11  Dunsmuir Union High School."[2]  Defendants have agreed to produce Mr. Morris' employment

12  contracts.  Plaintiffs further seek Mr. Morris' separation agreement with defendant school

13  district. Defendants assert the agreement is irrelevant as it does not reference these plaintiffs or

14  any of their allegations, and is protected by an express confidentiality clause as well as the

15  general privacy rights accorded personnel records.  Plaintiffs speculate the agreement may be

16  relevant if it identifies incidents of sexual harassment by Mr. Morris, and parties or witnesses

17  thereto,   thereby demonstrating defendants' alleged motive to coverup such complaints and

18  incidents, including those involving plaintiffs.  Plaintiffs concede they failed to raise this matter

19  at the parties' meet and confer session.

20          Mr. Morris' conduct and decision-making authority appear to be at the heart of plaintiffs'

21

22          [1]   The complaint alleges both federal question issues and state law claims.  Federal law
    applies to privilege-based discovery disputes involving federal claims, even if supported by
23  pendant state law claims.  Martinez v. City of Stockton, 132 F.R.D. 677, 681-83 (E.D.Cal. 1990);
    but see Jaffee v. Redmond, 518 U.S. 1, 15, n.15 (1996) (noting disagreement among the circuits
24  concerning the proper rule in cases where relevant evidence would be privileged under state but
    not federal law).
25
            [2]   Although all requests were propounded upon each of the five defendants, the joint
26  stipulation addresses only the request propounded upon defendant Morris.

1  allegations, but only regarding whether he condoned sexual harassment and related instances of

2  assault or battery, as demonstrated by his actions, inactions or decisions; the responses of the

3  school board are equally relevant.  The probative value of this evidence, if it exists, outweighs

4  Mr. Morris' interest in maintaining the privacy of this information.

5        Accordingly, plaintiff's motion to compel documents responsive to request no. 13 is

6  granted in part.  Defendants shall produce Mr. Morris' separation agreement redacted of all

7  information save that which recounts Mr. Morris' involvement, or allegations of his involvement,

8  in incidents of sexual harassment, assault or battery, either personally or administratively, and the

9  responses of the school board to any such allegations or incidents.

10       Request No. 19 seeks "Any and all documents pertaining and/or relating to complaints

11  and/or incidents, and or alleged incidents of sexual harassment by any of the defendants."  The

12  parties have agreed that plaintiffs do not seek any documents subject to the attorney-client

13  privilege or work product doctrine.  Again, plaintiffs demonstrate the general relevancy of this

14  request – Dunsmuir High School has fewer than 100 students; defendants concede that a separate

15  suit proceeds against Mr. Morris on allegations of sexual harassment; during the relevant period

16  the student handbook did not include the district's sexual harassment policy; and it is alleged that

17  "pervasive acts of sexual harassment by members of the staff of the school" created a climate of

18  acceptance resulting in defendants' failure properly to respond to these plaintiffs' complaints of

19  sexual harassment.

20       Defendants assert the request is overbroad but identify "one obvious" responsive

21  document:  a 257-report prepared by private investigator Diane Davis at the direction of

22  defendant school board regarding allegations of inappropriate conduct by defendant Morris.

23  These allegations do not include the allegations of Donald M.  According to defendants, the

24  report was presented to the board under seal and reviewed in closed session shortly before Mr.

25  Morris' resignation.  The local newspaper sought unsuccessfully to obtain the report and Ms.

26  Davis' interview notes, and thereafter sought a writ a mandate from Siskiyou County Superior

1  Court.  After reviewing the documents in camera, the court found insufficient grounds to

2  substantiate the allegations with the exception of Mr. Morris shouting at students.  The ruling

3  was appealed to the Third District Court of Appeal and is still pending.

4       Defendants will be directed to deliver a sealed copy of the Davis report to the chambers

5  of the undersigned for review *in camera*.  After the review, the court shall make such orders as

6  are appropriate.  If temporally circumscribed, the remaining information sought by Request No.

7  19 remains relevant to plaintiffs' claims and outweighs the privacy interests of the defendants.

8  The court limits the request to the two-year period January 2003 through December 2004.

9       Accordingly, plaintiff's motion to compel documents responsive to request no. 19 is

10  granted in part.  On or before noon on March 22, 2006, defendants shall deliver a copy of the

11  Davis report the chambers of the undersigned for review *in camera*.  Additionally, defendants

12  shall identify all known complaints and alleged incidents of sexual harassment by any of the

13  defendants during the period January 2003 through December 2004, and produce any responsive

14  documents contained in district records, including personnel files and student records.

15       Request No. 20 seeks "Any and all documents pertaining and/or relating to complaints,

16  and/or incidents, and/or alleged incidents of assault and/or battery by any of the defendants.  The

17  parties refer the court to their respective arguments regarding Request No. 19.  The information

18  is relevant for the reasons stated above.

19       Accordingly, plaintiff's motion to compel documents responsive to request no. 20 is

20  granted in part.  Defendants shall identify all known complaints and alleged incidents of assault

21  or battery by any of the defendants during the period January 2003 through December 2004, and

22  produce any responsive documents contained in district records, including personnel files and

23  student records.

24  /////

25  /////

26  /////

1    Pursuant to Request No. 28,[3] plaintiffs seek a copy of the Davis investigative report

2   prepared by defendant district and board members regarding "the sexual harassment and other

3   sexually-related activities of defendant Morris."  For the reasons set forth in the discussion of

4   Request No. 19,  plaintiffs' motion to compel documents responsive to request no. 28 is denied.

5    Request No. 29[4] is overbroad; plaintiffs have made no attempt to narrow the request or

6   identify specific responsive documents.  Defendants should have provided some information

7   responsive to this request in their initial disclosures as required by Fed. R. Civ. P. 26(a)(1).

8   Accordingly,  plaintiffs' motion to compel documents responsive to request no. 29 is denied.

9    Request No. 30 seeks "All documents that support any affirmative defense you have

10   pleaded or will plead in this action."  Plaintiffs explain they are seeking documents "relating" to

11   (1) the alleged student perpetrator, Jordan S., including "the document which requested that the

12   student perpetrator's school file be sent out of the district to another location," and (2) student

13   Cierra S., "providing the reason [why she] was transferred from the Dunsmuir High School to the

14   defendant district's continuation/day school."   Plaintiffs assert they believe "there was a

15   disparity in the reasons not to transfer the perpetrator of the actions against plaintiff Donald M.,

16   Jr. and the reasons for the transfer of Shields to the continuation school," that is significant to

17   plaintiff's allegations.

18    Defendants assert they retain only limited information in the files of transferred students.

19

20   [3] Request No. 28 seeks "Any and all documents pertaining to any investigation(s) into the allegations made by plaintiffs in their complaint, including but not limited to written statements of witnesses, notes of interviews with witnesses, tape recordings of any and all oral

21   statements and/or interview of witnesses, transcriptions of any tape recordings of any and all oral statements and/or interview of witnesses, reports regarding the

22   results of any and all investigations and/or correspondence pertaining to the allegations contained in the complaint."

23

24   [4] Request No. 29 seeks "All documents that reflect or relate to any statements made by any person relating to any of the allegations contained in plaintiff's complaint, including but not limited to written statements, notes of interviews, tape recordings of any and all oral statements

25   and/or interviews, transcriptions of any tape recordings of any and all oral statements and/or interviews, reports regarding the results of any and all interviews or investigations, or

26   correspondence relating to the allegations contained in the complaint."

1   Defendants state they will not use any documents relative to Cierra S. to support any affirmative

2   defense and , moreover, her file contains no documents setting forth the reason for her transfer.

3   Accordingly, documents relative to Cierra S. are not responsive to plaintiff's request.

4       Defendants state that the only responsive information in Jordan S.'s file are the following

5   three documents:   "[1] An information sheet on Jordan showing his date of transfer to the

6   Community Day School, [2] a letter from the Superintendent regarding [Jordan's] attendance at

7   the high school and transfer to the Community Day School, and [3] [Jordan's] actual attendance

8   records showing the days he attended school and his transfer to the Community Day School in

9   March of 2004."  Defendants state they informed Jordan S. by letter of the date and time of

10   plaintiffs' motion to compel but Jordan S. neither appeared at the hearing nor contacted defense

11   counsel.   Defendants seek an order of this court requiring the release of these documents.  The

12   court finds that the probative value of these documents outweighs Jordan S.'s interests in

13   maintaining their privacy, particularly in light of the failure of Jordan S. or someone on his behalf

14   to contest their disclosure.

15       Accordingly, plaintiffs' motion to compel documents responsive to request no. 30 is

16   granted in part.  Defendants shall produce:  (1) the information sheet showing Jordan S.'s date of

17   transfer to Community Day School, (2) the letter from the Superintendent regarding Jordan S.'s

18   attendance at the high school and transfer to  Community Day School, and (3) Jordan S.'s actual

19   attendance records showing the days he attended the high school and his transfer to the

20   Community Day School.  Any other information held by the district relative to Jordan S.'s

21   student file–e.g., if Community Day School is within defendant district or, if outside the district,

22   any subsequent communications received about Jordan S.– shall also be produced.

23       Request No. 36 seeks "Any and all electronic mail relating or pertaining to student-on-

24   student harassment, and/or harassment defendant District's employee or employees, student or

25   students, school board and/or defendant District's employees since the time defendant Robert

26   Morris was first employed by defendant Dunsmuir Union High School District."

1    Plaintiffs assert no basis for their assumption there are responsive documents to this

2  request.  Defendants state "there are no emails directly referring to plaintiffs' complaints

3  regarding Jordan with the exception of emails by Mr. Morris to school counsel," which plaintiffs'

4  counsel agrees are protected by the attorney client privilege.  To the extent there are e-mails

5  responsive to Request No. 19, their disclosure is required pursuant to that request; the request is

6  otherwise overbroad.

7    Accordingly,  plaintiffs' motion to compel documents responsive to request no. 36 is

8  granted in part, i.e., to the extent any e-mails meet the criteria for production set forth in the

9  court's order regarding Request No. 19, these e-mails shall be produced excluding any e-mails

10  from Mr. Morris to school counsel.

11    Request No. 38 seeks "Any and all documents used, considered, reviewed, read or relied

12  upon in deciding to impose any discipline against any student of defendant District based on

13  harassment of a student or students since the start of defendant Robert Morris's employment with

14  defendant Dunsmuir Union High School District."  Plaintiffs explain only, "Plaintiff requests

15  documents as to what defendants have done to enforce the district's sexual harassment policy."

16  Defendants assert, properly, that this request is both vague and overbroad, even if temporally

17  limited.

18    Accordingly,  plaintiffs' motion to compel documents responsive to request no. 38 is

19  denied.

20    Request No. 43 seeks "All documents pertaining to the harassment of plaintiff Donald

21  M., Jr."  The parties appear to agree this request is now limited to defendants' production of the

22  three documents ordered by this court pursuant to Request No. 30.

23    Accordingly, plaintiffs' motion to compel documents responsive to request no. 43 is

24  denied, except as to those documents covered by other orders made herein.

25    Finally, Request No. 61 seeks "All documents relating to the identity, full name, complete

26  address and telephone numbers of all persons having knowledge of any facts relating to the

1  occurrences in the Complaint and your Answer and Affirmative Defenses/Defenses to the

2  Complaint." Plaintiffs seek a court order directing defendants to provide "the names, address

3  and telephone number of students and former students who have knowledge of facts related to

4  the allegations in the complaint and in the affirmative defenses." Defendants assert they should

5  not be required to produce any information as plaintiff's have not identified a student who comes

6  within this definition. The request is properly read more narrowly and defendants state they have

7  agreed to produce responsive tort claims filings with the district and non-student information.

8  Defendants shall also provide the identifying information of all students and former students who

9  defendants know to be knowledgeable of the facts underlying this complaint or defendants'

10 affirmative defenses.

11      Accordingly, plaintiff's motion to compel production of documents pursuant to request

12 no. 61 is granted in part.

13          In accordance with the above, IT IS HEREBY ORDERED that:

14          1. Plaintiffs' motion to compel production of documents filed January 27, 2006,

15 is granted in part and denied in part.

16          2. On or before noon March 22, 2006, defendants shall deliver a copy of the

17 Davis report to the chambers of the undersigned for review *in camera*.

18          3. By noon Friday, March 24, 2006, defendants shall make available, for copying

19 and inspection, all documents ordered produced herein except for the Davis report.

20          4. The discovery produced pursuant to this order shall be used solely for purposes

21 of this litigation.

22          5. All requests for expenses and/or sanctions are denied.

23 DATED: March 15, 2006.

24

25                                          UNITED STATES MAGISTRATE JUDGE

26  006.duns2411.ordII