UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHELLE M., DONALD M., SR., and DONALD M., JR., by and through his guardian ad litem, DONALD M., Sr.,

        Plaintiffs,

  v.

DUNSMUIR JOINT UNION SCHOOL DISTRICT, ROBERT MORRIS, individually, CHRISTOPHER RAINE, individually, ANTHONY PAGANINI, individually, PAULA SCHMITT, individually, and DOES 1 through 15, inclusive,

        Defendants.

NO. 2:04-cv-2411-MCE-PAN (JFM)

ORDER

----oo0oo----

Presently before the Court is Defendants' Motion for Summary Judgment, or in the alternative, Summary Adjudication, filed on April 21, 2006.

///

///

1

1 In opposition to that Motion, Plaintiffs contend that Defendants
2 failed to comply with the express terms of Magistrate Judge John
3 Moulds' Order dated March 15, 2006 on Plaintiffs' Motion to
4 Compel Production of Documents.  That Order granted Plaintiffs'
5 Motion to Compel in part, stating as follows:

> "By noon Friday, March 24, 2006, defendants shall make available, for copying and inspection, all documents ordered produced herein..."

(March 15, 2006 Order, 9:18-19).

There is no dispute that Defendants have not complied with the terms of Judge Moulds' Order, which requires that certain documents be produced in response to Plaintiffs' document production request nos. 13, 19, 20, 30, 36 and 61.  Nor is there any dispute that the parties agreed, in advance of the Motion to Compel, that certain additional documents would be produced; namely, documents responsive to request nos. 89, 9, 13, 14, 17, 24, 39, 45. 47, 57 and 58.

In what appears to be an astonishingly misguided interpretation of Judge Moulds' Order, counsel for Defendants assert that because Plaintiffs failed to make arrangements to copy the documents at issue on March 24, 2006, any attempt to do so after that date was "too late".  In his letter dated April 6, 2006, attorney Kelley states:

> "I complied with this order and informed you well in advance that the documents would be available all day on March 24, 2006.  You did not come and inspect the documents, you did not ask for an earlier date, you did not send a copy service to copy the documents."

(Ex. "G" to Decl. of Larry Schapiro, p. 1).

///
///

2

1 Defendants accordingly take the position that because Defendants
2 literally failed to make arrangements to copy the documents on
3 the <u>first</u> day they had to be made available, any subsequent
4 effort to do so was untimely.
5    This tortured reading of Judge Moulds' Order is patently
6 untenable.  All the Order says is that the documents had to be
7 made available by Defendants by March 24, 2006; it does not
8 specify any date certain after which Plaintiffs had to avail
9 themselves of the opportunity to obtain copies.  On March 20,
10 2006, just five days after Judge Moulds' Order was issued,
11 counsel for Plaintiffs faxed a message to Plaintiffs' attorney
12 requesting that he be furnished a copy of the documents at issue,
13 at his expense.  (Schapiro Decl., Ex. "C").  It was not until
14 March 24, 2006, the only day on which Defendants assert that
15 Plaintiffs could copy the documents, that counsel for Plaintiffs
16 informed Plaintiff that he would have to make his own
17 arrangements to copy the documents.  (<u>Id.</u> at Exs. "B", "D").
18 According to Plaintiffs' counsel, he could not engage a copy
19 service for that same day.  Defense counsel rebuffed his
20 subsequent attempts to do so as stated above, and, incredibly,
21 makes the following disingenuous statement:

> "While Plaintiffs' counsel offers excuses why he did not
> show up to inspect the documents or hire a copy service,
> they are just that, excuses.  The fact remains Judge Moulds'
> order was complied with.  End of story."

24 (Reply, 2:7-9).
25
26    Despite attorney Kelley's overbearing pronouncement that he
27 has dictated the "end of the story" in this matter, there will in
28 fact be several more chapters of this tale to be written and

3

1  read.  The sharp litigation practices evidenced by attorney
2  Kelley's conduct will simply not be tolerated or condoned by this
3  Court.  Defendants have clearly failed to abide by the
4  unequivocal terms of Judge Moulds' March 15, 2006 order, not to
5  mention their express agreement to produce documents beforehand.
6  Counsel are warned that continuing to engage in conduct of this
7  nature will subject the offending party to sanctions by this
8  court

9      In opposition to Defendants' Motion for Summary Judgment,
10 filed less than a month after Defendants were supposed to have
11 produced the above-described documents, Plaintiffs contend that
12 they cannot properly prepare a response in the absence of said
13 documents. (Opposition, 4:21-23; 5:5-7).  The Declaration of
14 Larry Schapiro further describes the documents and reiterates the
15 fact that they are imperative in formulating an adequate
16 opposition to Defendants' Motion. (Schapiro Decl., ¶¶ 2, 3, 8).

17     Pursuant to Federal Rule of Civil Procedure 56(f), if an
18 opposing party's declarations show he or she "cannot for reasons
19 stated present by affidavit facts essential to justify the
20 party's opposition," the court may order a continuance to permit
21 additional discovery or make such other order as may be just.
22 This prevents the opposing party from being "railroaded" by a
23 premature motion for summary judgment. <u>Celotex Corp. v. Catrett</u>,
24 477 U.S. 317 (1986).
25 ///
26 ///
27 ///
28 ///

4

1     Although the Court's Pretrial (Status) Scheduling Order of
2 May 10, 2005 required that dispositive motions be heard by May
3 26, 2006, just four days after the date on which Defendants'
4 Motion for Summary Judgment was initially scheduled (before being
5 continued at the Court's own behest to June 5, 2006), Plaintiffs
6 have demonstrated good cause as to why the motion should not be
7 entertained in advance of Defendants' production of documents as
8 enumerated above.  Contrary to Defendants' assertion, the express
9 language of Rule 56(f) permits a continuance to be ordered
10 premised on declarations alone.  A formal motion for continuance
11 under Rule 56(f) is not required.
12     Defense counsel is hereby ordered to produce all the
13 documents identified in Judge Moulds' March 15, 2006 Order not
14 later than June 9, 2006.  In addition, all documents which
15 Defendants had agreed to produce, as set forth above, must also
16 be produced by June 9, 2006.  Given the circumstances, the Court
17 orders that copies will be furnished to Plaintiffs' counsel, at
18 the expense of Defendants.
19     In order to accommodate this compliance with the Court's
20 discovery orders, the hearing on Defendants' Motion for Summary
21 Judgment, or in the Alternative for Summary Adjudication, will be
22 continued from June 9, 2006 to August 21, 2006.  Supplemental
23 opposition and reply, if any, may be submitted in advance of the
24 new August 21, 2006 hearing date in accordance with the
25 provisions of Local Rule 78-230 (c) and (d).  The Final Pretrial
26 Conference will be reset to October 23, 2006 at 3:30 p.m.
27 //
28 //

The parties' Joint Pretrial Statement shall be filed by October 10, 2006. The jury trial in this matter will commence on December 13, 2006. The previously scheduled Final Pretrial Conference date of August 28, 2006 is vacated, as is the jury trial of October 11, 2006.

IT IS SO ORDERED.

DATED: June 5, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE